### LAYNE v STATE

Ohio Appeals, 4th Dist, Lawrence Co
Decided April 6, 1931

Irish & Riley, Ironton, for Layne.

Lee D. Andrews, Ironton, and T. D. Shirkey, Proctorville, for State.

MIDDLETON, J.

We have not been favored with any briefs by counsel for either the plaintiff in error or the state in this proceeding. We take it from the oral argument that while there are some other grounds of error recited in the motion for a new trial and in the petition in error the action of the court as aforesaid in respect to said special instructions constitutes the main contention of Layne and is his chief claim for a reversal of the judgment.

The bill of exceptions states on page 176 that

"Thereupon at the conclusion of all the evidence counsel for defendant asked the court to give the jury before argument instructions 1 to 18 inclusive, hereto attached and made a part of this bill of exceptions, and the court refused to give said instructions or either of them before argument, and thereupon counsel for defendant asked the court to incorporate the same in the general charge."

At the close of the general charge appears the following:

"Thereupon the defendant, George Layne, excepted to the charge, as to each and every part thereof, and also excepts to the court's refusal to charge the jury as requested."

It may be said in a general way that the charge of the court was a complete and correct statement of the law applicable to the questions before the jury as developed by the evidence. It is possible that the first paragraph of the charge is subject to criticism for the reason that it emphasizes to the jury its responsibility and duty to convict and does not direct attention to the equally important responsibility not to condemn an innocent man.

We have quoted in full all of the language in the bill of exceptions which refers to the request for the giving of the special charges aforesaid. It will be observed that there was no request made to give said instructions separately. If, therefore, any one or more of said instructions were improper the court committed no error in refusing to comply with the request of the defendant.

In the case of **Bandy v State, 14 Oh Ap 461**, it is held in the fifth paragraph of the syllabus that

"Where special charges are requested to be given as a series the entire series may be rejected if some are erroneous."

On page 470 the court commenting on this phase of the case said:

"Some twenty one special charges were filed with the clerk and requested before argument. They were all refused and general exceptions were noted.

There is no request for the giving of these charges separately. Some of them are erroneous and some are repetitious. These facts would justify the trial court in refusing the entire series."

(Citing a number of authorities.)

The judgment of the Appellate Court in the case cited was affirmed by the Supreme Court in **102 Oh St 384.**

It appears in special instruction eighteen of the charges so requested by the defendant that the court was asked to charge that the crime of second degree murder may also include the lesser offenses of assault and battery, and assault. The evidence in the case shows beyond question that the deceased died from a gunshot wound and that said wound was inflicted by Layne. It appears in the testimony of the attending physician that the direct and proximate cause of the death of Epps was this wound. Layne attempted to justify the shooting of Epps on the ground of self defense.

It is held in the case of **State v Schaeffer, 96 Oh St 215,** in paragraph six of the syllabus that

"Where all the evidence clearly and conclusively shows that the unlawful act relied upon by the state directly caused the killing, and there is no evidence to the contrary, the failure of the court to charge on assault and battery is not error. (**Marts v The State, 26 Oh St 162,** and **Dresback v The State, 38 Oh St 365,** approved and followed. So far as the case of **Lindsey v The State, 69 Oh St 215,** is in conflict with the two foregoing cases said Lindsey case is disproved.)"

It is clear under the authority, aforesaid that the trial court could not give instruction number eighteen. It further appears that other of the instructions requested were to some extent a mere reiteration of some of the remaining instructions. It is our conclusion that the court in its general charge gave to the jury in its own language all of the principles in said special instruc-

tions which were applicable to the case under the evidence.

We are satisfied with the judgment in this case and are unable to find any reason for reversing it.

MAUCK, PJ, and BLOSSER, J, concur.